# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| FRANCIS PELLEGRINO,<br>1501 Crystal Dr., Apt. 1023<br>Arlington, VA 22202<br><br>    Plaintiff,<br> v.<br><br>EQUIFAX INFORMATION SERVICES, LLC<br>1550 Peachtree Street, NW<br>Atlanta, Georgia 30309;<br><br>TRANSUNION LLC<br>555 W. Adams St.<br>Chicago, IL 60661;<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br>475 Anton Blvd.<br>Costa Mesa, CA 92626;<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI (d/b/a MOHELA)<br>633 Spiri Dr.<br>Chesterfield, MO 63005;<br><br>and<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, INC. (d/b/a FEDLOAN SERVICING)<br>1200 N. 7th St.<br>Harrisburg, PA 17102<br><br>    Defendants. | Civil Action No.:  1:23-cv-1166<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

1. This matter arises from the failure to conduct reasonable investigations

and/or follow reasonable procedures relating to inaccurate credit reporting of Plaintiff Francis Pellegrino's ("Plaintiff") student loans by Defendants Equifax Information Service LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian") TransUnion LLC ("TransUnion), the Higher Education Loan Authority of the State of Missouri (d/b/a MOHELA) ("MOHELA), and the Pennsylvania Higher Education Assistance Agency, Inc. (d/b/a FedLoan Servicing) ("FedLoan" or "PHEAA").

## JURISDICTION

2. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, and Defendants transact business here.

## PARTIES

4. Plaintiff Francis Pellegrino is a natural person who currently resides in the Arlington, Virginia.

5. Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(b) and (c)

6. Defendant PHEAA is a Pennsylvania entity with its principal place of business in Harrisburg, Pennsylvania.

7. As relevant to the allegations herein, PHEAA did business in Virginia under the name FedLoan Servicing and continues to service student loans on a nationwide basis under at least one other name.

8. Defendant MOHELA is a Missouri entity with its principal place of business in Chesterfield, Missouri.

9. MOHELA does business in Virginia as the servicer of federal student

loans.

10. PHEAA and MOHELA are furnishers of information to the major consumer reporting agencies ("CRAs").

11. Defendant Equifax is a Georgia corporation with its principal place of business located in Atlanta, Georgia, and is authorized to do business in Virginia.

12. Defendant TransUnion is a Delaware corporation with its principal place of business in Chicago, Illinois, and is authorized to do business in Virginia.

13. Defendant Experian is a corporation incorporated in the state of Ohio with its principal place of business in Costa Mesa, California.

14. Equifax, TransUnion, and Experian (collectively, the "CRA Defendants") is a "consumer reporting agenc[ies] that compiles and maintains files on consumers on a nationwide basis," as defined by 15 U.S.C. §1681a(p).

15. The CRA Defendants regularly engage in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

## FACTS

### Plaintiff's Student Loans

16. Between August 2013 and August 2017, Plaintiff obtained 13 federal student loans, in the form of subsidized and unsubsidized Direct Stafford loans (the "Loans").

17. As of in or around September 2014, PHEAA, operating as FedLoan Servicing, began servicing the Loans.

18. In or around August 2016, Plaintiff began a full-time graduate program putting his loans into an in-school and post-enrollment deferred status, which continued until December 1, 2019.

19. Upon information and belief, as Plaintiff's servicer, PHEAA was aware of the deferred status of the loans.

### Inaccurate Reporting by PHEAA and Equifax

20. PHEAA and Equifax, however, inaccurately reported payments that were 120 to 180 days late for March through September 2019 in Plaintiff's payment history.

21. Though Plaintiff's Equifax report reflects payments that were ostensibly 120 days late beginning in March 2019, the report shows a timely payment for the three months prior.

22. In or around May 2022, pursuant to the termination of its federal student loan servicing contract with the U.S. Department of Education, PHEAA transferred the loans to MOHELA for servicing.

23. That transfer shifted any balance that could be collectible by PHEAA to MOHELA.

24. Nonetheless, following the transfer, PHEAA continued to report open accounts with outstanding balances across seven of the Loans, bearing account numbers ending in 0001, 0002, 0003, 0004, 0006, 0010, and 0012 (the "Duplicate Loans").

25. On or about August 2, 2022, the U.S. Department of Education granted Plaintiff a discharge of all of the Loans based on a determination of Total and Permanent Disability.

26. As of August 2022, therefore, the balance on all of the Duplicate Loans should have appeared on Plaintiff's reports as $0.

27. MOHELA properly reported the updated balances to the Equifax, as reflected on those tradelines.

28. PHEAA, however, continued to inaccurately report a balance on each of the Duplicate Loans, only updating them to reflect that the accounts were closed.

29. As of November 2022, PHEAA reported the following balances:

| Account Number Ending | Balance |
| --- | --- |
| 0001 | $3,748 |
| 0002 | $7,523 |
| 0003 | $1,070 |
| 0004 | $1,070 |
| 0006 | $5,836 |
| 0010 | $24,314 |
| 0012 | $23,510 |

30. Between May 2022 and November 2022, Plaintiff disputed the inaccurate delinquency notations and/or continued balances at least five times directly to PHEAA by mail and phone and five times to Equifax, by mail and phone.

31. Plaintiff's November 2022 disputes included a copy of the discharge approval letter from the U.S. Department of Education.

32. Upon information and belief, Equifax timely notified PHEAA of all disputes Plaintiff made to Equifax.

33. For each dispute, however, PHEAA and Equifax both insisted that the tradelines were accurate and refused to change them.

34. Until November 2022, Plaintiff's Equifax credit report continues to show the inaccurate balances and payment histories for the Duplicate Loans.

35. Only after Plaintiff's November 2022 dispute did the PHEAA tradelines reflect a $0 balance on the Duplicate Loans, though the erroneous delinquency information remained, and all other information continued well past the date of transfer of the loans to MOHELA.

36. Notably, neither of the other major consumer reporting agencies has reported the Duplicate Loans or failed to timely update the loan balances after discharge.

37. **Inaccurate Reporting by MOHELA, PHEAA, and All CRAs**

38. In addition to the other inaccuracies in the PHEAA tradelines, MOHELA and all of the CRA Defendants inaccurately reported that Plaintiff was delinquent on seven of his loans during a period when his loans were on forbearance/deferred status.

39. Specifically, though the MOHELA tradelines for the Duplicate Loans initially reflected "No Data Available" for the March through September 2019 period, in or around Spring 2023, MOHELA and Equifax updated the tradelines to reflect delinquencies for those months on the MOHELA loans ending in 0005, 0007, 0008, 0009, 0011, and 0013.

40. The PHEA tradelines on Plaintiff's Equifax report also continued to show delinquencies in those months for the loans ending in 0001, 0002, 0003, 0004, 0006, 0010, and 0012.

41. The MOHELA tradelines on Plaintiff's TransUnion tradeline showed delinquencies for March through September 2019.

42. The MOHELA tradelines on Plaintiff's Experian tradeline showed delinquencies for March through October 2019.

43.     Plaintiff's loans were in forbearance/deferred status during the months reported as delinquent, a fact confirmed by Plaintiff's National Student Loan Data Service ("NSLDS") information.

44.     Plaintiff sent a dispute, dated May 1, 2023, to Equifax that cited the erroneous 2019 reporting on the PHEAA and MOHELA tradelines.

45.     Plaintiff sent disputes, dated May 16, 2023, to both TransUnion and Experian that cited the errors in the MOHELA tradelines.

46.     Each dispute included a copy of Plaintiff's NSLDS information, with the applicable loans and forbearance status highlighted.

47.     Upon information and belief, the CRA Defendants timely notified MOHELA of the disputes.

48.     Despite the evidence of forbearance submitted, Defendants verified the MOHELA and PHEAA tradelines as accurate.

## Damages

49.     As a result of Defendants' inaccurate reporting, Plaintiff was denied credit for multiple credit cards in or around late 2022.

50.     Plaintiff's job requires regular credit monitoring.

51.     Plaintiff's employer accessed his credit on at least two occasions in Fall 2022, causing Plaintiff significant anxiety and embarrassment in explaining the inaccurate delinquencies and credit utilization rates, which, in turn, affected his work performance.

52.     Plaintiff has also refrained from seeking other employment that might require further scrutiny and explanation of his credit report.

53. Also as a result of Defendants' actions, Plaintiff suffered significant stress, frustration, and emotional distress, manifest through symptoms including, but not limited to loss of sleep, depression, upset stomach, headaches, crying, irritability, weight changes, increased blood pressure, and exacerbation of existing conditions.

## CLAIMS
### Count I
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681 *et seq*. (FCRA)
### (against PHEAA and MOHELA)

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. Defendanta PHEAA and MOHELA willfully, or in the alternative negligently, violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's disputes from the CRA Defendants, by failing to appropriately report the results of its investigation, by failing to appropriately modify, delete, and/or block the information, in reckless disregard of the statutory requirements, Plaintiff's disputes and their own records.

56. Plaintiff suffered damages as set forth above, as a result of PHEAA and MOHELA's actions.

57. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from PHEAA.

58. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from PHEAA.

## Count II
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681 *et seq*. (FCRA)
### (against the CRA Defendants)

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The CRA Defendants willfully or, in the alternative negligently, violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of information concerning Plaintiff in Plaintiff's consumer reports, in reckless disregard of the statutory requirements, Plaintiff's disputes, its own reported information, and the logical implications of the discharge approval letter and/or the NSLDS information.

61. The CRA Defendants willfully, or in the alternative negligently, violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's disputes and by failing thereafter to appropriately delete or modify information in Plaintiff's file and on Plaintiff's consumer report, in reckless disregard of the statutory requirements, Plaintiff's disputes, its own reported information, and the logical implications of the discharge approval letter and/or the NSLDS information.

62. Plaintiff suffered damages, as set forth above, as a result of each of the CRA Defendant's actions.

63. As a result of the CRA Defendants' violations of §§ 1681e(b) and 1681i, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

64. Defendant Equifax's actions and omissions were willful, rendering the CRA Defendants liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

65. Plaintiff is entitled to recover costs and attorney's fees from the CRA Defendants pursuant to 15 U.S.C. §§ 1681n and 1681o.

**Prayer For Relief**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants, as appropriate, as follows:

- an award of actual damages;
- award of statutory damages;
- an award of punitive damages as the Court may allow;
- award of costs of litigation and reasonable attorney's fees;
- enter judgment according to the declaratory relief sought;
- an award of costs for the declaratory judgment action; and
- any other relief the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a jury trial on all issues so triable.

Dated August 31, 2023 Respectfully submitted on behalf of Plaintiff,

   /s/ Courtney L. Weiner
Courtney L. Weiner (#96733)
Law Office of Courtney Weiner PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
PH: 202-827-9980
cw@courtneyweinerlaw.com

*Attorney for Plaintiff*