**IN THE UNITED STATED DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| FRANCIS PELLEGRINO, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:23-cv-01166-LMB-LRV |
| | : | |
| EQUIFAX INFORMATION SERVICES, | : | |
| LLC, TRANSUNION LLC, EPXERIAN | : | |
| INFORMATION SOLUTIONS, INC., | : | |
| HIGHER EDUCATION LOAN | : | |
| AUTHORITY OF THE STATE OF | : | |
| MISSOURI d/b/a MOHELA, | : | |
| PENNSYLVANIA HIGHER EDUCATION | : | |
| ASSISTANCE AGENCY, INC. d/b/a | : | |
| FEDLOAN SERVICING, | : | |
| Defendants. | | |

**DEFENDANT, PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY INC.,

d/b/a AMERICAN EDUCATION SERVICES ("PHEAA"), by and through undersigned counsel,

hereby files its Answer and Affirmative Defenses and states as follows:

1.      This matter arises from the failure to conduct reasonable investigations and/or follow reasonable procedures relating to inaccurate credit reporting of Plaintiff Francis Pellegrino's ("Plaintiff") student loans by Defendants Equifax Information Service LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian") TransUnion LLC ("TransUnion), the Higher Education Loan Authority of the State of Missouri (d/b/a MOHELA) ("MOHELA), and the Pennsylvania Higher Education Assistance Agency, Inc. (d/b/a FedLoan Servicing) ("FedLoan" or "PHEAA").

**RESPONSE**: Paragraph 1 is Plaintiff's characterization of its allegations and requires no

response.  To the extent that a response is required, PHEAA denies each and every allegation in

this paragraph.

1

## JURISDICTION

2.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1331.

**RESPONSE**:  Admitted for jurisdictional purposes only.  Denied that Plaintiff is entitled to any damages.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, and Defendants transact business here.

**RESPONSE**:  Admitted for venue purposes only.  Denied that Plaintiff is entitled to any damages.

## PARTIES

4.      Plaintiff Francis Pellegrino is a natural person who currently resides in the Arlington, Virginia.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

5.      Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(b) and (c)

**RESPONSE**:  Paragraph 5 calls for a legal conclusion and, therefore, no response is required.  To the extent a response is required, PHEAA denies each and every allegation in this paragraph.

6.      Defendant PHEAA is a Pennsylvania entity with its principal place of business in Harrisburg, Pennsylvania.

**RESPONSE**:  PHEAA admits that it is a body corporate and politic constituting a public corporation and governmental instrumentality, with its principal office in Harrisburg, Pennsylvania.  By way of further response, PHEAA expressly admits it is a statutorily-created agency of the Commonwealth of Pennsylvania.  24 P.S. §§ 5101.1-5199.9.

7.      As relevant to the allegations herein, PHEAA did business in Virginia under the name FedLoan Servicing and continues to service student loans on a nationwide basis under at least one other name.

2

**RESPONSE**:  Paragraph 7 calls for a legal conclusion and, therefore, no response is required.  To the extent a response is required, PHEAA denies each and every allegation in this paragraph.

8.      Defendant MOHELA is a Missouri entity with its principal place of business in Chesterfield, Missouri.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

9.      MOHELA does business in Virginia as the servicer of federal student loans.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

10.     PHEAA and MOHELA are furnishers of information to the major consumer reporting agencies ("CRAs").

**RESPONSE**:  Paragraph 10 calls for a legal conclusion and, therefore, no response is required.  To the extent a response is required, PHEAA denies each and every allegation in this paragraph.

11.     Defendant Equifax is a Georgia corporation with its principal place of business located in Atlanta, Georgia, and is authorized to do business in Virginia.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

12.     Defendant TransUnion is a Delaware corporation with its principal place of business in Chicago, Illinois, and is authorized to do business in Virginia.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

13.     Defendant Experian is a corporation incorporated in the state of Ohio with its principal place of business in Costa Mesa, California.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

14.     Equifax, TransUnion, and Experian (collectively, the "CRA Defendants") is a "consumer reporting agenc[ies] that compiles and maintains files on consumers on a nationwide basis," as defined by 15 U.S.C. §1681a(p).

**RESPONSE**:  Paragraph 14 calls for a legal conclusion and, therefore, no response is required.  To the extent a response is required, PHEAA denies each and every allegation in this paragraph.

15.     The CRA Defendants regularly engage in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

## FACTS

### Plaintiff's Student Loans

16.     Between August 2013 and August 2017, Plaintiff obtained 13 federal student loans, in the form of subsidized and unsubsidized Direct Stafford loans (the "Loans").

**RESPONSE**:  Admitted.

17.     As of in or around September 2014, PHEAA, operating as FedLoan Servicing, began servicing the Loans.

**RESPONSE**:  Admitted.

18.     In or around August 2016, Plaintiff began a full-time graduate program putting his loans into an in-school and post-enrollment deferred status, which continued until December 1, 2019.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

19.     Upon information and belief, as Plaintiff's servicer, PHEAA was aware of the deferred status of the loans.

**RESPONSE**:  Admitted.

### **Inaccurate Reporting by PHEAA and Equifax**

20.     PHEAA and Equifax, however, inaccurately reported payments that were 120 to 180 days late for March through September 2019 in Plaintiff's payment history.

**RESPONSE**:  Denied.

21.     Though Plaintiff's Equifax report reflects payments that were ostensibly 120 days late beginning in March 2019, the report shows a timely payment for the three months prior.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

22.     In or around May 2022, pursuant to the termination of its federal student loan servicing contract with the U.S. Department of Education, PHEAA transferred the loans to MOHELA for servicing.

**RESPONSE**:  Admitted.

23.     That transfer shifted any balance that could be collectible by PHEAA to MOHELA

**RESPONSE**:  Admitted.

24.     Nonetheless, following the transfer, PHEAA continued to report open accounts with outstanding balances across seven of the Loans, bearing account numbers ending in 0001, 0002, 0003, 0004, 0006, 0010, and 0012 (the "Duplicate Loans").

**RESPONSE**:  Denied.

25.     On or about August 2, 2022, the U.S. Department of Education granted Plaintiff a discharge of all of the Loans based on a determination of Total and Permanent Disability.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

26.     As of August 2022, therefore, the balance on all of the Duplicate Loans should have appeared on Plaintiff's reports as $0.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

27.     MOHELA properly reported the updated balances to the Equifax, as reflected on those tradelines.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

28.     PHEAA, however, continued to inaccurately report a balance on each of the Duplicate Loans, only updating them to reflect that the accounts were closed.

**RESPONSE**:  Denied.

29.     As of November 2022, PHEAA reported the following balances:

| Account Number Ending | Balance |
|---|---|
| 0001 | $3,748 |
| 0002 | $7,523 |
| 0003 | $1,070 |
| 0004 | $1,070 |
| 0006 | $5,836 |
| 0010 | $24,314 |
| 0012 | $23,510 |

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

30.     Between May 2022 and November 2022, Plaintiff disputed the inaccurate delinquency notations and/or continued balances at least five times directly to PHEAA by mail and phone and five times to Equifax, by mail and phone.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

31.     Plaintiff's November 2022 disputes included a copy of the discharge approval letter from the U.S. Department of Education.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

32.     Upon information and belief, Equifax timely notified PHEAA of all disputes Plaintiff made to Equifax.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this

allegation, and on that basis, denies this allegation.

33.     For each dispute, however, PHEAA and Equifax both insisted that the tradelines were accurate and refused to change them.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this

allegation, and on that basis, denies this allegation.

34.     Until November 2022, Plaintiff's Equifax credit report continues to show the inaccurate balances and payment histories for the Duplicate Loans.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this

allegation, and on that basis, denies this allegation.

35.     Only after Plaintiff's November 2022 dispute did the PHEAA tradelines reflect a $0 balance on the Duplicate Loans, though the erroneous delinquency information remained, and all other information continued well past the date of transfer of the loans to MOHELA.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this

allegation, and on that basis, denies this allegation.

36.     Notably, neither of the other major consumer reporting agencies has reported the Duplicate Loans or failed to timely update the loan balances after discharge.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this

allegation, and on that basis, denies this allegation.

### Inaccurate Reporting by MOHELA, PHEAA, and All CRAs

38.     In addition to the other inaccuracies in the PHEAA tradelines, MOHELA and all of the CRA Defendants inaccurately reported that Plaintiff was delinquent on seven of his loans during a period when his loans were on forbearance/deferred status.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this

allegation, and on that basis, denies this allegation.

39.     Specifically, though the MOHELA tradelines for the Duplicate Loans initially reflected "No Data Available" for the March through September 2019 period, in or around Spring 2023, MOHELA and Equifax updated the tradelines to reflect delinquencies for those months on the MOHELA loans ending in 0005, 0007, 0008, 0009, 0011, and 0013.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

40.     The PHEA tradelines on Plaintiff's Equifax report also continued to show delinquencies in those months for the loans ending in 0001, 0002, 0003, 0004, 0006, 0010, and 0012.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

41.     The MOHELA tradelines on Plaintiff's TransUnion tradeline showed delinquencies for March through September 2019.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

42.     The MOHELA tradelines on Plaintiff's Experian tradeline showed delinquencies for March through October 2019.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

43.     Plaintiff's loans were in forbearance/deferred status during the months reported as delinquent, a fact confirmed by Plaintiff's National Student Loan Data Service ("NSLDS") information.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

44.     Plaintiff sent a dispute, dated May 1, 2023, to Equifax that cited the erroneous 2019 reporting on the PHEAA and MOHELA tradelines.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

45.     Plaintiff sent disputes, dated May 16, 2023, to both TransUnion and Experian that cited the errors in the MOHELA tradelines.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this

allegation, and on that basis, denies this allegation.

46.     Each dispute included a copy of Plaintiff's NSLDS information, with the applicable loans and forbearance status highlighted.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this

allegation, and on that basis, denies this allegation.

47.     Upon information and belief, the CRA Defendants timely notified MOHELA of the disputes.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this

allegation, and on that basis, denies this allegation.

48.     Despite the evidence of forbearance submitted, Defendants verified the MOHELA and PHEAA tradelines as accurate.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this allegation, and on that basis, denies this allegation.

**Damages**

49.     As a result of Defendants' inaccurate reporting, Plaintiff was denied credit for multiple credit cards in or around late 2022.

**RESPONSE**:  Denied.

50.     Plaintiff's job requires regular credit monitoring.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this

allegation, and on that basis, denies this allegation.

51.     Plaintiff's employer accessed his credit on at least two occasions in Fall 2022, causing Plaintiff significant anxiety and embarrassment in explaining the inaccurate delinquencies and credit utilization rates, which, in turn, affected his work performance.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this

allegation, and on that basis, denies this allegation.

52.     Plaintiff has also refrained from seeking other employment that might require further scrutiny and explanation of his credit report.

**RESPONSE**:  PHEAA lacks sufficient information to form a belief as to the truth of this

allegation, and on that basis, denies this allegation.

53.     Also as a result of Defendants' actions, Plaintiff suffered significant stress, frustration, and emotional distress, manifest through symptoms including, but not limited to loss of sleep, depression, upset stomach, headaches, crying, irritability, weight changes, increased blood pressure, and exacerbation of existing conditions.

**RESPONSE**:  Denied.

**CLAIMS**
**Count I**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681 *et seq.* (FCRA)**
**(against PHEAA and MOHELA)**

54.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**RESPONSE**:  PHEAA re-alleges and incorporates all above paragraphs of its Answer as

though fully restated herein.

55.     Defendants PHEAA and MOHELA willfully, or in the alternative negligently, violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's disputes from the CRA Defendants, by failing to appropriately report the results of its investigation, by failing to appropriately modify, delete, and/or block the information, in reckless disregard of the statutory requirements, Plaintiff's disputes and their own records.

**RESPONSE**:  Denied.

56.     Plaintiff suffered damages as set forth above, as a result of PHEAA and MOHELA's actions.

**RESPONSE**:  Denied.

57.     As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from PHEAA.

**RESPONSE**:  Denied.

58.     As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from PHEAA.

**RESPONSE**:  Denied.

**Count II**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681 *et seq.* (FCRA)**
**(against the CRA Defendants)**

The allegations in Count II are not directed at PHEAA and therefore require no response from PHEAA. To the extent a response is required, PHEAA denies each and every allegation in Count II.

**ANY ALLEGATIONS NOT EXPRESSLY ADMITTED HEREIN ARE DENIED.**

**AFFIRMATIVE DEFENSES**

1.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

2.     With the exception of the duty imposed on furnishers of information under § 1681s-2(b), Plaintiff has no private right of action under the Fair Credit Reporting Act ("FCRA") concerning PHEAA's responsibilities as a furnisher of information to the consumer credit reporting agencies.  *See* 15 U.S.C. § 1681s-2(b)(1).

3.     Plaintiff has not suffered any actual pecuniary damages and is not entitled to punitive damages.

4.     Plaintiff's claims are barred, in whole or in part, because PHEAA's conduct did not cause his injury or harm.

5.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages.

6.     Plaintiff's claims are barred or limited to the extent PHEAA sent correspondence required by, or PHEAA's conduct was otherwise governed by, applicable statutes and regulations.

7.     Plaintiff's claims are barred in whole or in part because none of the alleged wrongful conduct was done willfully, intentionally, or negligently by PHEAA.

8.     To the extent that any of the ultimate facts relied on by Plaintiff fall outside of the applicable statute of limitations period, any such claims are barred.

9.     Plaintiff's alleged damages, in whole or in part, were caused not by the actions or omissions of PHEAA, but instead by the actions or omissions of Plaintiff and/or other co-defendants or third parties

10.     Plaintiff's claims are barred because the Complaint and each and every purported cause of action contained therein fails to constitute any cause of action against PHEAA.

11.     Plaintiff's claims are barred by virtue of the fact that PHEAA has fully performed, discharged and satisfied all obligations and duties imposed upon it by governing law.

12.     To the extent Plaintiff claims PHEAA willfully violated the FCRA, which PHEAA denies, any violation was not willful because PHEAA's interpretation of the FCRA is not objectively unreasonable. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007).

13.     Plaintiff has no cause of action for violation of 15 U.S.C. § 1681s-2(b) because PHEAA conducted a reasonable investigation into any dispute by Plaintiff of his credit report.

**PHEAA RESERVES THE RIGHT TO ASSERT SUCH ADDITIONAL AFFIRMATIVE DEFENSES THAT ARE AVAILABLE UNDER THE FACTS AND APPLICABLE LAW.**

Dated: New York, New York
      October 24, 2023         **LOCKE LORD LLP**
                                */s/ Mary Stephanie Wickouski*
                                Mary Stephanie Wickouski (VSB No. 18991)
                                Brookfield Place, 200 Vesey St., 20th Flr.
                                New York, New York 10281-2101
                                (212) 812-8325
                                swickouski@lockelord.com
                                **Attorneys for Defendant PHEAA**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 24th day of October 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action as follows:

Courtney L. Weiner
cw@courtneyweinerlaw.com
Law Office of Courtney Weiner PLLC
1629 K Street NW, Suite 300
Washington D.C. 20006
**Counsel for Plaintiff**

David N. Anthony
david.anthony@troutman.com
Troutman Pepper Hamilton Sanders LLP
1001 Haxall Point
Richmond, VA 23219
**Counsel for Experian**

Noah P. Sullivan
nsullivan@gentrylocke.com
Gentry Locke
919 E. Main Street, Suite 1130
Richmond, VA 23219
**Counsel for MOHELA**

Marc F. Kirkland
mkirkland@qslwm.com
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, TX 75024
**Counsel for Trans Union**